Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JEYLEE E. LANDRAU<br><br>Recurrente<br><br><br>v.<br><br><br><br>FRANK A. LANDRAU<br><br>Recurrida | TA2026RA00170 | Revisión procedente del Departamento de la Familia, Administración para el Sustento de Menores, Región de Mayagüez<br><br>Núm. Caso: 0381324<br>Núm. Caso Intergubernamental: 7129567371<br><br>Sobre:<br>Deuda de Alimentos |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de abril de 2026.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v.*

*Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Por otro lado, el *Reglamento del Tribunal de Apelaciones* requiere que el cuerpo de un recurso de revisión (1) las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal de Apelaciones; (2) una referencia a la decisión administrativa objeto del recurso de revisión y la cual incluirá, entre otros detalles, la fecha en que fue dictada y en la cual fue archivada en autos copia de su notificación; (3) una relación fiel y concisa de los hechos procesales; (4) un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo o la agencia; (5) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable; y (6) la súplica. Regla 59 del Tribunal de Apelaciones, *supra*. A la vez, el recurrente deberá notificar el escrito de revisión debidamente sellado con la fecha y la hora de su presentación a las partes o sus abogados, de estos últimos estar presente en el pleito. Íd., R. 58. Además, el recurrente deberá notificar a la agencia o al funcionario administrativo de cuyo dictamen se recurre dentro del término estricto para presentar el recurso, todo por lo cual se deberá certificar en el escrito de revisión. Íd.

Cónsono con lo anterior, la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho,

de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con los dispuesto en la Sección 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672) y la Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Sabido esto, la Ley Núm. 38-2017 establece que la parte adversamente afectada por una resolución final podrá presentar una moción de reconsideración dentro del término de veinte (20) días si reside en Puerto Rico, o de treinta (30) días si reside fuera de Puerto Rico, desde la fecha del archivo en el expediente o del envío por correo del dictamen, cual sea posterior. Sec. 3.15 de la Ley Núm. 38-2017 (3 LPRA sec. 9655); Reglamento del Procedimiento Administrativo Expedito de la Administración para el Sustento de Menores, Reglamento Núm. 7583 de 10 de octubre de 2008, Regla 62, pág. 103. Si la agencia en cuestión rechazare la solicitud de plano o no actuare dentro de los quince (15) días dispuesto por ley, el término de treinta (30) días para recurrir ante el Tribunal de Apelaciones comenzará a partir de la notificación de la denegatoria o desde que se expiren los referidos quince (15) días, según sea el caso. Secs. 3.15 y 4.2 de la Ley Núm. 38-2017 (3 LPRA secs. 9655, 9672); Reglamento del Procedimiento Administrativo Expedito de la Administración para el

Sustento de Menores, *supra*, págs. 104-105. No obstante, la presentación de una solicitud de reconsideración será requisito jurisdiccional para la parte recurrente poder solicitar revisión judicial ante el Tribunal de Apelaciones. Reglamento del Procedimiento Administrativo Expedito de la Administración para el Sustento de Menores, *supra*, pág. 105.

Dicho esto, nuestro ordenamiento requiere que se cumplan con los requisitos procesales que establecen el Reglamento del Tribunal de Apelaciones, sin cuyo cumplimiento conllevaría la presentación de un recurso no perfeccionado y, por efecto, una falta de jurisdicción para atender la controversia. Véase *Morán v. Martí*, 165 DPR 356 (2005) (*Per Curiam*). El que la parte comparezca por derecho propio no será justificación para que se incumplan con las reglas procesales. *Febles v. Romar*, 159 DPR 714 (2003) (*Per Curiam*).

En el presente caso, la recurrente –a quien se admite como indigente– incumplió con los requisitos de perfeccionamiento de un recurso de revisión. Esto es, ya que la recurrente omitió incluir casi toda la información necesaria para que este Tribunal puede evaluar la controversia, esto es, de cuál decisión recurre y la fecha que esta se emitió y notificó, los errores que la recurrente cree que cometió la agencia, las disposiciones legales y de jurisprudencia aplicables a su argumento, entre otros. Asimismo, del expediente no se desprende que la recurrente haya solicitado reconsideración dentro del término reglamentario, por lo cual este Tribunal no solamente carece de jurisdicción por la falta de perfeccionamiento del recurso, sino también por la recurrente acudir ante el Tribunal de Apelaciones de manera tardía.

Por los fundamentos expresados, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones